```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOHN C. HARNAGE, III,

                Petitioner,
                                        MEMORANDUM & ORDER
        -against-                       13-CV-4598(JS)

SUPERINTENDENT KATHLEEN G. GERBING,
Otisville Correctional Facility,¹

                Defendant.
----------------------------------X
APPEARANCES
For Plaintiff:     John C. Harnage, III, pro se
                   10-A-3318
                   Otisville Correctional Facility
                   P.O. Box 8
                   Otisville, NY 10963

For Defendant:     No appearance
```

SEYBERT, District Judge:

On August 9, 2013, incarcerated pro se Petitioner John C. Harnage, III ("Petitioner") filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Petition is accompanied by an application to proceed in forma pauperis and an application for the appointment of pro bono counsel to represent Petitioner in this case. Upon review of Petitioner's declaration in support of his application to proceed in forma pauperis, the Court finds that Petitioner's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Accordingly, Petitioner's application to proceed in forma pauperis

---

¹ The Clerk of the Court is directed to amend the caption to reflect that the proper Respondent is Superintendent Kathleen G. Gerbing, Otisville Correctional Facility.

is GRANTED. However, for the reasons that follow, his application for the appointment of pro bono counsel is DENIED.

DISCUSSION

"[T]here is no constitutional right to representation by counsel in habeas corpus proceedings." Green v. Abrams, 984 F.2d 41, 47 (2d Cir. 1993) (internal quotation marks and citation omitted). Rather, the appointment of counsel in habeas corpus proceedings is governed by 18 U.S.C. § 3006A(a)(2)(B) which provides, in pertinent part, that "[w]henever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who--. . . is seeking relief under section . . . 2254 . . . of title 28." 18 U.S.C. § 3006A(a)(2)(B).

"The standard for appointment of counsel in civil cases, including habeas corpus proceedings, is set forth in Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986)." Razzoli v. U.S. Parole Comm'n, No. 10-CV-1842, 2010 WL 5027548, at *2 (E.D.N.Y. Dec. 2, 2010); see also Lawson v. Taylor, No. 10-CV-0477, 2011 WL 839509, at *1 (E.D.N.Y. Mar. 2, 2011). Under this standard, the threshold inquiry is whether there is substance to the litigant's position. Hodge, 802 F.2d at 61 (holding that "the district judge should first determine whether the indigent's position seems likely to be of substance"). "[C]ounsel should not be appointed in a case where the merits of the indigent's claim are thin and his chances

of prevailing are therefore poor." Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001).

If the Court finds that the litigant's claim is of substance, it should next consider the following factors:

> [T]he indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

Hodge, 802 F.2d at 61-62; see also Carmona, 243 F.3d at 632 (holding that "only after an initial finding that a claim is likely one of substance will [the court] consider secondary factors such as the factual and legal complexity of the case, the ability of the litigant to navigate the legal minefield unassisted, and any other reason why in the particular case appointment of counsel would more probably lead to a just resolution of the dispute"). However, those factors are not restrictive and "[e]ach case must be decided on its own facts." Hodge, 802 F.2d at 61.

A district court possesses broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chem. Bank, 721 F.2d 876, 879 (2d Cir. 1983)). The Court has reviewed Petitioner's application together with his

Petition and finds that the appointment of counsel is not warranted. Even assuming that Petitioner could satisfy the threshold requirement, consideration of the remaining Hodge factors indicate that Petitioner has adequately and competently set forth his claims in his Petition and appears capable of preparing and presenting his case. In addition, the legal issues presented in the Petition do not appear to be particularly complex nor is there a special reason to appoint counsel in this case. Accordingly, Petitioner's motion for appointment of pro bono counsel is DENIED. It is Petitioner's responsibility to retain an attorney or press forward with this case pro se. See 28 U.S.C. § 1654.

## CONCLUSION

Petitioner's application for the appointment of pro bono counsel is DENIED and his application to proceed in forma pauperis is GRANTED. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is DENIED for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: October  25 , 2013
       Central Islip, New York